[S. F. No. 420.   Department One.—September 21, 1896.]

THE PEOPLE ex rel. W. N. MILLER et al., APPEL-
LANTS, v. JOHN L. DAVIE et al., RESPONDENTS.

MUNICIPAL CHARTER—AMENDMENTS—SPECIAL ELECTION—CONSTITUTIONAL
LAW.—The "special election" provided for in section 8 of article XI of
the constitution, at which amendments to a municipal charter may be
adopted, is an election held for the special purpose of voting upon the ·
amendments to the charter.

ID. — CHARTER OF OAKLAND — BOARD OF PUBLIC WORKS — REPEAL OF
TERM OF OFFICE.—The amendments to the charter of the city of Oak-
land providing that certain officers shall be ex officio commissioners of
public works, and providing for a biennial election of those officers,
effected a repeal by implication of the previous law fixing the term of
such offices at four years.

APPEAL from a judgment of the Superior Court of
Alameda County.   A. L. FRICK, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, and George E.
De Golia, for Appellants.

Reed & Nusbaumer, S. F. Daniels, J. A. Johnson, and
J. K. Peirsol, City Attorney, for Respondents.

GAROUTTE, J.—This is an investigation instituted in
the name of the people, in the nature of quo warranto,
to test the title to office of the present board of public
works of the city of Oakland, said board consisting of
three commissioners.   The defendants, the mayor, the
city attorney, and city engineer, are ex officio the com-
missioners and form this board of public works.   They
claim title to office under and by virtue of certain
amendments to the charter of the city of Oakland.
Their tenure of office is attacked by plaintiff upon two
grounds: 1. That the election at which the amendments
to the charter were submitted to the people was not au-
thorized by law; and therefore said amendments never
became part of the city charter; and 2. It is contended
that if the election was legal and the amendments

adopted in accordance with law, still Miller and Hughes, as members of the board of public works, were entitled to hold office for a full term of four years.

The amendments to the charter were submitted to the people under an election called and held by virtue of a power claimed to exist in the city council, coming from section 8, article XI, of the constitution of the state, which provides: "The charter . . . . may be amended at intervals of not less than two years by proposals therefor, submitted by the legislative authority of the city to the qualified electors thereof, at a general or special election, held at least forty days after the publication of such proposals for twenty days in a daily newspaper of general circulation in such city, and ratified by at least three-fifths of the qualified electors voting thereat, and approved by the legislature, as herein provided for the approval of the charter." Appellants' position as to this provision of the constitution is that the words " special election " refer to an election held for the purpose of filling a vacancy in office (Pol. Code, sec. 1043), that a special election under the code is an election held for that purpose, and that the legislative mind had such an election in view when this provision of the constitution was enacted. It is further insisted that such provision is a limitation of power, and the mode there prescribed is the measure of the power. Appellant then claims that these amendments having been voted upon at an election held solely for the purpose of voting upon them, such an election was neither a general nor special election, and, hence, there was no power and authority vested in the city council to call and hold the election that was so called and held.

In *People* v. *Hoge*, 55 Cal. 612, the provision of the constitution here under consideration was before the court, and it was then held to be self-executing. As to the legal soundness of such holding we have no doubt; and, that being the fact, the sole question remaining upon this branch of the case rests upon the signification to be given the words "special election." It is urged

by appellant that in the Hoge case there is found an intimation that these words refer to an election at which a vacancy in office is to be filled; but there was no such question before the court in that case. As to what constituted a special election, in the light of this constitutional provision, was not under consideration by the court. The election involved in that case was a special election from any point of view, and the merit of that litigation was in no way dependent upon the construction to be given those words. For these reasons we hold the case is no authority in support of appellants' position.

All elections are either general or special. This election was not a general election. Hence, it must have been a special election. This much is conceded; but it is contended that it must be a particular kind of special election, that is, an election held to fill a vacancy in office. We find no warrant in the language used to justify such an interpretation. A special election to fill a vacancy in office contemplates haste and urgent action. The notice of election may be given for only five days. To adopt amendments to a charter there must be a publication of notice for twenty days, and a further lapse of time of forty days before election day. Thus the application of the construction contended for would be wholly impracticable, and in this regard almost nullify the law. An election held for the single purpose of voting a special tax, or for the issuance of bonds, is a special election. Yet appellant does not even contend that such an election is the special election referred to by the provision of the constitution. Again, no good reason can be urged why such an election should be held at the time and place where an election is being conducted to fill a vacancy in office. But, aside from any indirect reasons that may be invoked looking against appellant's position, we are clear that the meaning of the provision itself, gazing squarely at it, is that the words "special election" refer to an election held for the purpose of voting upon the amendments to the charter. Such is the plain and

natural construction of the language, and that such was the intention of the framers of the instrument we have no doubt.

The charter being legally amended, it is still maintained that the incumbents of the offices of commissioners of public works, at the date that the amendments took effect, should hold office for the balance of the four year term for which they were appointed. Among other matters, these amendments to the charter provided: "There shall be a department of public works under the management of three commissioners, who shall constitute the board of public works. The commissioners shall consist of the mayor, city attorney, and the city engineer. . . . . General municipal elections shall be held biennially on the second Monday in March, commencing with the second Monday in March next after the adoption of this amendment. At each such general municipal election there shall be elected a mayor, who shall be *ex officio* a commissioner of public works, . . . . a city attorney, who shall be *ex officio* a commissioner of public works, . . . . and a city engineer, who shall be *ex officio* a commissioner of public works." The salary of a county or city officer may be reduced during his term of office by the legislative power, or his term of office shortened or even extinguished. And, when we consider the foregoing provisions of the charter as amended, which provide who shall constitute the board of commissioners of public works, and when the commissioners shall be elected, it is patent that upon such election a new board was created, and that the old members were no longer clothed with official authority. These amendments to the charter necessarily repealed by implication any provisions of the law fixing the term of office at four years.

For the foregoing reasons the judgment is affirmed.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.